OSTROWSKI *v.* WAYNE CIRCUIT JUDGE.

JUDGMENT—MODIFICATION—AMENDMENT OF RECORD—COSTS.

> Upon motion to amend a judgment by adding to it a clause awarding costs to plaintiff, it was not error to deny the motion when it appeared that the original entry was not entered by fraud, mistake, or neglect of the officers of the court or attorneys, and it was shown that plaintiff's attorneys prepared and entered the judgment with the assent of defendant's counsel.

Mandamus by Annie Ostrowski against Joseph W. Donovan, one of the circuit judges for the county of Wayne, to require respondent to vacate an order denying relator's motion to amend a judgment entry. Submitted April 16, 1912. (Calendar No. 24,910.) Writ denied May 31, 1912.

*McHugh, Gallagher & McGann,* for relator.

*Cullen, Casgrain & Hanley,* for respondent.

MOORE, C. J.   This is a proceeding to review the action of the circuit judge in refusing to vacate a judgment. We quote from the brief for relator:

"Relator brought suit in the Wayne circuit court against the city of Detroit and James Hanley, in an action on the case. She recovered a joint verdict against them in the January, 1911, term of said court, and in April, 1911, term, judgment was entered thereon. The form of the judgment was prepared under the supervision of relator's attorneys, was approved by the attorneys for the defendant, and did not provide for the recovery of costs. The judgment was paid as entered, and satisfaction thereof was filed. A motion was made in the September, 1911, term of court to amend the judgment by adding a clause allowing costs against defendant city of Detroit, to set aside the satisfaction of judgment, and to credit the amount paid upon the judgment as amended.

This motion was argued and denied. In addition to the foregoing facts, the respondent returns the opinion that the judgment as entered was not 'entered through any mistake, carelessness, or fraud on the part of the clerk of said court, or on the part of the attorneys for plaintiff or defendants.' Question involved: Has a circuit court power to amend its judgment after the term in which it is entered and after the filing of a satisfaction of judgment?"

Counsel then make an elaborate argument to the effect that a circuit court has power to amend its judgments.

We do not think that question is controlling. Conceding it has the power, ought the court to exercise it in this case? The circuit judge found that there was no mistake, carelessness, or fraud in the entry of the judgment. The judgment was paid. The judge also found the judgment was entered by the clerk just as requested by counsel for both parties.

We think the action of the circuit judge should be affirmed, with costs.

STEERE, McALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.